IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM CARLSON, | ) |
| Plaintiff, | ) Civil Action No.: 17-cv-478 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. The plaintiff brings this medical malpractice action against defendant United States of America under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b).

2. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C.A. §§ 1331 and 1346(b).

3. On June 21, 2016, plaintiff submitted an Administrative Tort Claim ("the tort claim") to the United States Department of Veterans Affairs ("the VA").

4. With nearly a year having elapsed since the submission of the tort claim to the VA, and no response having been received, it appears the claim has been denied. The plaintiff has therefore exhausted all available administrative remedies.

5. Venue is properly in this district court pursuant to 28 U.S.C.A. § 1402(b) as the acts that are the subject matter of this complaint occurred within the Western District, in Monroe and Jackson Counties, Wisconsin.

6. At all times material hereto, the physicians performing surgery on Adam Carlson on June 26, 2017 and any and all other VA employees, executives, administrators,

agents and apparent agents involved in the negligent acts and omissions alleged herein, were acting within the scope and course of their employment with the VA and, as such, defendant United States of America is the appropriate defendant pursuant to the Federal Tort Claims Act.

7. At all times material to this complaint, the physicians performing surgery on Adam Carlson on June 26, 2017 and the other agents and apparent agents involved in the negligent acts and omissions alleged herein were health care providers as defined by Chapter 655 of the Wisconsin Statutes.

## PARTIES

8. Plaintiff, Adam Carlson, is an adult resident of the State of Wisconsin residing at 20342 Blackhawk Avenue, Warrens, WI 54666.

9. Adam Carlson at all times material hereto was a citizen of the United States and a veteran of the U.S. Armed Forces.

## FACTUAL ALLEGATIONS

10. Adam Carlson was a patient of the VA hospital at Madison, Wisconsin on June 26, 2014 when surgeons there performed a biceps tenotomy and tenodesis on Mr. Carlson's right shoulder. According to the operative report, the biceps tendon was secured by drilling a hole in to the humeral head and screwing the tendon into the hole.

11. A copy of the operative report for the June 26, 2014 surgery is attached hereto, marked as Exhibit 1 and incorporated by reference herein.

12. After the June 26, 2014 surgery, Mr. Carlson continued experiencing problems with his right shoulder, including a painful clicking sensation in the anterior aspect of his right shoulder and other problems.

13. On December 15, 2015, Paul L. Liebert, M.D., performed surgery on Mr.

Carlson's right shoulder. In the course of that surgery, Dr. Liebert identified a bare area with multiple drill holes and suture anchor placements on the anterior humerus of the right shoulder. Dr. Liebert found remote suture material that was adhered to the bony architecture of the posterior humerus of Mr. Carlson's right shoulder.

14. Dr. Liebert noted that the operative report from the June 26, 2014 surgery does not include any indication of any pathology of the humeral head of Mr. Carlson's right shoulder. Likewise, the operative report from that prior surgery does not provide any indication of posterior humerus drill holes.

15. In the course of Dr. Liebert's surgery, he also discovered a prolene suture measuring 4-5 centimeters which was found in Mr. Carlson's right shoulder joint. That suture was found in the anterior superior aspect of the joint. This prolene suture material was used while VA surgeons performed the June 26, 2014 surgery. The prolene suture material was mistakenly left in the shoulder joint by those surgeons and/or other VA medical providers.

16. The prolene suture material is a foreign object erroneously left behind in Mr. Carlson's shoulder joint. There was no therapeutic purpose for the suture material being left behind in Mr. Carlson's shoulder joint. This is a medical error.

17. Failure to remove the suture material violates the applicable standard of care and is *per se* negligent.

18. No informed consent was obtained from Mr. Carlson to leave the prolene suture material in his shoulder joint, nor was he warned of the potential of such an eventuality.

19. Nor was Mr. Carlson warned about, and nor did he consent to the multiple drill holes and suture anchor placement on the posterior humerus of his shoulder discovered by Dr. Liebert.

## COUNT I

20.   Defendant United States of America, through its agents, employees and apparent agents failed to exercise the appropriate degree of care, skill and judgment in at least the following respects:

- a. Leaving foreign object(s) behind in the course of the surgery performed on Adam Carlson's shoulder joint;

- b. Making multiple drill holes and suture anchor placements on the posterior humerus of Adam Carlson's shoulder during the course of the surgery as described herein;

- c. Failing to exercise the degree of care, skill and judgment which reasonable health care providers who practice in the specialty would exercise in the same or similar circumstances having due regard for the state of medical science at the time of the surgery performed on Adam Carlson on June 26, 2014;

- d. Failing to appropriately account for all of the surgical instruments, implements and materials used in the course of the surgery on Adam Carlson's shoulder on June 26, 2014;

- e. Failing to obtain informed consent from Adam Carlson for leaving the prolene suture material in Mr. Carlson's shoulder joint and failing to warn him of the possibility of such an eventuality;

- f. Failing to obtain informed consent from Mr. Carlson for the multiple drill holes and suture anchor placements on Mr. Carlson's posterior humerus as described herein; and

    g.    In other respects not specifically enumerated herein.

21. As a direct and proximate result of the negligence described herein, Adam Carlson suffered non-economic damages, including, but not limited to, physical and mental pain, anxiety, anguish, embarrassment, disability, emotional distress, physical injuries and other damages.

22. As a further direct and proximate result of the negligence described herein, Adam Carlson has suffered and will continue suffering economic damages including, but not limited to, lost wages, medical bills, loss of earning capacity, vocational losses and the cost of vocational re-training and other losses.

**WHEREFORE**, the plaintiff demands judgment against the defendant as follows:

a. For a sum of money that will reasonably compensate the plaintiff for damages sustained as the result of the negligence described herein, including economic and non-economic damages;

b. For the costs, disbursement, and expenses incurred by the plaintiff in bringing this action and;

c. For such other and further relief as this court may deem is just and equitable.

Dated this 20th day of June, 2017.

                                          **CLIFFORD & RAIHALA, S.C.**

                                          By: _____
                                              Terrence M. Polich
                                              State Bar No. 1031375
                                              *Attorneys for Plaintiff*

**44 E. Mifflin Street, Suite 800**
**Madison, Wisconsin 53703**
**(608) 257-7900**